William M. PATE, Acting Regional Director of Region 21 of the National Labor Relations Board, for, and on behalf of, the national Labor Relations Board, Plaintiff—Appellant,

v.

MCKESSON HBOC, INC., d/b/a McKesson Drug Company, Defendant—Appellee.

No. 01–56947.

D.C. No. CV–01–07567–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 14, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

The Acting Director of Region 21 of the National Labor Relations Board ("the Board" or "the petitioner" herein) appeals the district court's order denying the Board's petition pursuant to Section 10(j) of the National Labor Relations Act, 29 U.S.C. § § 160(j), for injunctive relief pending final disposition of unfair labor practice charges filed against McKesson HBOC, Inc., dba McKesson Drug Company. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we vacate and remand for further proceedings.

We cannot say that the district court abused its discretion by concluding that the petitioner has a "fair chance" rather than a "likelihood" of success on the merits of the unfair labor practice charge such that a showing—rather than a presumption—of irreparable injury is required. *Miller v. California Pacific Medical Center*, 19 F.3d 449, 460 (9th Cir.1994) (en banc).

But by emphasizing in its irreparable harm analysis the mere "two week delay" until the scheduled hearing before the administrative law judge ("the ALJ"), the district court appears to have relied upon an erroneous assumption that the ALJ could compel the parties to bargain pending the Board's adjudication of the unfair labor practice complaint. The ALJ has no such authority; her decision is required to contain, and did here contain, "*recommendations* as to what disposition of the case should be," *see* 29 C.F.R. § 102.45 (emphasis added); *see also Sharp v. Webco Industries, Inc.*, 225 F.3d 1130, 1136 (10th Cir. 2000) (noting that an ALJ decision is not self-enforcing and therefore rejecting a suggestion that the commencement of the ALJ hearing on the underlying action obviated the need for § 10(j) interim relief).

The ALJ did recommend that the parties bargain at a place close to the location of the bargaining unit, as requested by the petitioner. But because the ALJ has no authority to compel the parties to so bargain, her recommendation in the petitioner's favor could not have been, and was not, relevant to the parties' bargaining obligations pending final review by the Board. The imminence of the administrative hearing was therefore irrelevant to the question before the district court of whether irreparable harm would be suffered in the absence of interim injunctive relief under § 10(j).

We therefore vacate the district court's order and remand for reconsideration of the question of irreparable harm without regard to the imminence of the hearing before the ALJ which has, in any event, since passed. We express no opinion regarding whether petitioner makes a sufficient showing of irreparable harm, based upon consideration of only permissible factors, to warrant § 10(j) relief.

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.